IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GBEKE MICHAEL AWALA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-61-GMS |
| | ) |
| CHIEF JUDGE SUE L. ROBINSON, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Plaintiff Gbeke Michael Awala ("Awala"), an inmate at the Moshannon Valley Correctional Facility, Philipsburg, Pennsylvania, filed this action pursuant to 42 U.S.C. § 1983. Awala proceeds *pro se* and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 1.)

The Prison Litigation Reform Act ("PLRA") provides that a prisoner cannot bring a new civil action or appeal a judgment in a civil action *in forma pauperis* if he has three or more times in the past, while incarcerated, brought a civil action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). A case dismissed as frivolous prior to the enactment of the PLRA (i.e., April 26, 1996) is counted when applying the "three strikes rule". *Keener v. Pennsylvania Bd. of Probation & Parole*, 128 F.3d 143 (3d Cir. 1997). An exception is made to the "three strikes rule" when the prisoner is in imminent danger of serious physical injury. Also, a prisoner who is not proceeding *in forma pauperis* may file a new civil action or appeal even if that prisoner has

three or more dismissals described in 28 U.S.C. 1915(g).

According to the records of the Federal Courts, while a prisoner Awala has filed at least twenty civil actions in various federal courts. *See Awala v. Delta Air Lines*, No. 1:05-CV-2128-JEC (N.D.Ga. Aug. 31, 2005). More than three of these cases were dismissed as frivolous or for failure to state a claim upon which relief may be granted, as follows: *Awala v. Federal Public Defender,* No. 05-4341 (3d. Cir. Apr. 21, 2006); *Awala v. Wachovia Corp.*, No. 05-3381 (3d. Cir. Dec. 8, 2005); *Awala v. People Who Want to Restrict Our First Amendment Rights*, No. 05-3863 (3d Cir. Dec. 8, 2005); *Awala v. 8 U.S.C. § 1326*, Civ. No. 06-012-KAJ (D.Del. Mar. 17, 2006); *Awala v. Stretton*, No. 05-472-KAJ (D.Del. Mar. 3, 2006); *Awala v. U.S. Congress*, Civ. No. 05-307-KAJ (D.Del. Dec. 15, 2005); *Awala v. Delaware River and Bay Authority Police Dep't*, No. 05-97-KAJ (D. Del. Dec. 15, 2005); *Awala v. State of New Jersey Dep't of Corrections*, No. Civ.A. 05-2362FLW (D.N.J. Aug. 23, 2005).

As a result, Awala may not file another civil action *in forma pauperis* while incarcerated unless he is in "imminent danger of serious physical injury" at the time of the filing of his complaint. 28 U.S.C. § 1915(g); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 311 (3d Cir. 2001). His complaint does not meet that standard. Hence, he is not excused from the restrictions under § 1915(g), and he may not proceed *in forma pauperis*.

THEREFORE, at Wilmington this 8th day of Feb., 2007, IT IS HEREBY ORDERED that:

1. Awala's motion for leave to proceed *in forma pauperis* (D.I. 1) is **DENIED**.

2. Awala is given thirty (30) days from the date of this order to pay the $350.00 filing fee. If he does not pay the filing fee within that time, the complaint shall be dismissed

pursuant to 28 U.S.C. § 1915(g).



UNITED STATES DISTRICT JUDGE

FILED

FEB - 8 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE