IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

GBEKE MICHAEL AWALA,  )
    Plaintiff-Appellant,  )
                                          )    Appeal No.:_____
v.   )
                                           )    Civ. No.:07-61-GMS
CHIEF JUDGE SUE L. ROBINSON,  )
et al.
    Defendants-Appellees.  )

FILED
MAY 29 2007
PG scann
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

NOTICE OF APPEAL

Notice is hereby given that Gbeke Michael Awala taking the appeal, plaintiff, in the above captioned matter, hereby appeal to the United States Court of Appeals for the Third Circuit, from an order and final judgment entered on the 22th Day of March, 2007. In support thereof avers as follows:

    (a) To the intent plaintiff seeks to appeal the matter against the defendant various Federal Judges and a senator, the court must comply with the Federal Rules of Appellate Procedure Rule 4 et seq, permiting the appeal to be asserted within 60 days from the date of the final judgment if United States or its employees are parties; and

    (b) This case is one of those class of cases wherein the United States had consented to the suit and waived their immunity thereof. See United States v. Mitchell, 463 U.S. 206, 210-11, (1983); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Sherwood, 312 U.S. 584, 586 (1941).

Moreover, to the extent plaintiff seeks to appeal this matter, this court must transmit all records on file to the U.S. Court of Appeals, for the Third Circuit.

Whereas, the court denied leave to proceed in forma pauperis on February 8, 2007, the court entered another order denying same on 22nd March, 2007. This appeal may require the court to decide when the existence of "imminent danger" is to be assessed; specifically, whether it is assessed as of the time the complaint is filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307 (3rd Cir. 2001).

(c) Plaintiff applied settled precepts of statutory construction and take as pointing out grave error in part of the court, in failing to recognize that plaintiff was under imminent danger of gross physical injury at the time he filed this action. Thus, the court should have adopted the American Plain Meaning Rule exemplified in Caminetti v. United States, 242 U.S. 470(1917).

Furthermore, it is simple and elementary that the meaning of "imminent danger of physical injury," must be sought in the language in which the act is framed and if it become plain and if the law is within the constitutional authority of the law-making body which passed it, the sole function of this court is to enforce it according to its terms. Plaintiff has been found Medically unassigned to work in Prison.?

In Negonsott v. Samuels, 507 U.S. 99(1993) held, "Our task is to give effect to the will of Congress, and where its will has been expressed in reasonably plain terms, that language must ordinarily be regarded as conclusive." Therefore, if the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. United States v. Ron Pair Enters., Inc, 489 U.S. 235, 241(1989).

In the instant matter, the court simply failed to enforce the intention of the drafters as applied to this matter, the court disregarded the statute according to its terms. if the language of the statute is plain, the sole function of the court is to enforce the statute according to its terms. See Ron Pair Enters, Inc(supra).

(d) Plaintiff further allege that he was deprived the Due Process Clause has a substantive and procedural due process See Bigby v. City of Chicago, 766 F.2d 1053, 1058(7th Cir. 1985); Cleveland Bd. Of Education v. Loudermioll, 470 U.S. 532(1985).

Furthermore, plaintiff allege a defect in the procedure used to adjudicate the above action, the defendants knew about the defect in the proceeding and the challenges to the government action wherein, plaintiff had alleged that he was subject to liberty restraint at the hands of the government, and the defendants in this matter knew about it, had reasonable opportunity to correct the error arranged for further deprivation, by condoning them and promoting each other or as used "elevate" at the detriment of the plaintiff, had detail knowledge about the unfairness of the procedure employed by Beth and Illana, of the U.S. Attorney's Office District of delaware. Thus, plaintiff's substantive and procedural due process claim must prevail on appeal.

WHEREFORE, this case would likewise consider the substantiality doctrine and the abstention doctrine and all interest essential to the fact at issue, and the predicate matter in restoring plaintiff's birthright. Now is time for Constitutional Law.

Submitted under penalty of perjury to be true and correct. 28 U.S.C. § 1746.

Dated **22 May**, 2007.

                        Respectfully submitted,

                        */s/ [signature]*

                        GBEKE MICHAEL AWALA
                        No. 82074-054 [2]
                        U.S. Penitentiary Canaan
                        P.O. Box 300
                        3057 Easton Turnpike
                        Waymart, PA 18472

[2] Note Change of Address:

GBEKE MICHAEL AWALA
No. 82074-054
U.S. Penitentiary Canaan
P.O. Box 300
3057 Easton Turnpike
Waymart, PA 18472

U.S. POSTAGE PAID
WAYMART, PA 18472
MAY 24, 07
AMOUNT
$0.00
00028712-05

Legal Mail:

JOSEPH J. FARNAN, Jr.
Office of the Clerk
United States District Court
844 N. King Street, Lockbox 18
Wilmington, Delaware 19801-3570

